Curia, per

Johnston, Ch.
On the former appeal in this case, it was settled, in conformity with the circuit decree, then examined, that Mr. Dawson conveyed of his real and personal estate, in possession at the date thereof, to the trustees therein named, to the uses of the will of 1820, being the particular *155 will to which the deed referred. That the trusts declared were those in that will particularly specified ; and not those which the grantor might afterwards declare in any other last will.
That as the instrument referred to was a will, the trusts were evidently intended to take effect in enjoyment, on the grantor’s death; and, that as none were declared, in the mean time a trust resulted to the grantor himself, during his own life. There are some expressions of the circuit decree, affirmed on that occasion, which have been misunderstood. (See Rice Eq. Rep. 259.) The Court, in those expressions, did not intend to deny that a grantor might convey to a trustee, to hold according to trusts, to be afterwards declared by him, either by deed or by will, though the phraseology employed is quite susceptible of that construction; and, indeed, upon re-examining them, that seems to be the most obvious sense of the Chancellor’s remarks. The meaning, however, intended to be conveyed, was, that as the grantor, by his deed, made a present gift, through the intervention of a trustee, to such of his children already “ named” in an existing will, according to the uses “ therein” particularly '• described” and “ gave up all,” he could not be supposed to have entertained an impression that there remained with him a power to make after-wards, either by deed or by will, any other declaration of trust inconsistent with that then made. A recurrence to what was decided on the former appeal will enable us to dispose of the questions brought before us now. The deed conveyed the property. It conveyed all the property, real and personal, then held by the grantor, and of course, included that which he acquired between the date of the will and that of the deed.
The trusts in favor of the children were vested, but were to be enjoyed at the grantor’s death.
The intermediate interests resulted to the grantor himself, *156 and entitled him to all the profits which accrued during his life.
If, therefore, the after acquired property was purchased with those profits, it was his own exclusive property; but, if purchased with the corpus of the trust estate, it belonged to the children named in the will at his death. It has been supposed that the will lost its character and energy by the reference to it in the deed, and became a deed itself and incapable of disposing of property acquired by Mr. Dawson after the date of the deed. This is a misconception. Although, in conformity with the language of the cases, it was said the will was incorporated with the deed and lost its ambulatory and revocable character; no more was absolutely meant, than that the reference answered the purpose of borrowing the terms of the will as if they were transcribed into the deed, so as to form part of that instrument, which was of a fixed and irrevocable character. The will, itself, retained its standing, and was as capable of operating upon any property not withdrawn from it by the deed, as it was before, provided it contained (as the will of 1820 did) general provisions capable of receiving and carrying such property. Certainly the deed did not revoke it. The only modification which it underwent was by the codicil, which, so far from being a revocation, was a re-publication of it. The will and codicils, therefore, must operate upon so much of the property acquired after the date of the deed as arose from the profits of the trust estate, and so much as was acquired by an application of the corpus of the trust estate must go under the deed.
With respect to the slaves loaned to Richard, and which were sold, the Court is satisfied that, however hard it may be, he was, by the terms imposed in the sixth clause of the will, bound to bring forward the slaves, and their increase, to be valued at the division, and that they must be set down at their *157 value at the time. The former decree, as to the costs, must stand.
Colcock for the complainants; Petigrv, for the defendants.
The commissioner will be governed by the principles of this decree. The circuit decree now appealed from, is modified according to the same principles.
Harper and Dunkin, Ch., concurred.
*158 r